IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LARRY CATHCART, JR.,**

      **Petitioner,**

      v.

**WARDEN, LONDON
CORRECTIONAL INSTITUTION,**

      **Respondent.**

**CASE NO. 2:18-CV-01305
JUDGE MICHAEL H. WATSON
Magistrate Judge Kimberly A. Jolson**

## ORDER AND REPORT AND RECOMMENDATION

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254. The case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to Magistrate Judges.

Petitioner has filed a Motion to Proceed in forma pauperis with an attached prison account statement. (Doc. 1). Upon consideration, the Court finds the Motion to be meritorious, and, therefore, it is **GRANTED.**

**WHEREUPON, IT IS ORDERED THAT** the Petitioner be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

Additionally, this matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." If it does so appear, the petition must be dismissed. *Id*. With this standard in mind, and for the reasons that

follow, these are the circumstances here. Consequently, the Undersigned **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted.

I. **FACTS AND PROCEDURAL HISTORY**

Petitioner challenges his February 16, 2011, convictions pursuant to his guilty plea in the Franklin County Court of Common Pleas on aggravated robbery, kidnapping, and aggravated burglary. He did not file an appeal or pursue any other state collateral relief. On October 18, 2018, he executed this habeas corpus petition. He asserts, as his sole ground for relief, that he was denied due process because the trial court failed to advise him of his right to appeal. Petitioner states that he did not know about his right to appeal and when he asked his attorney to file an appeal, his attorney told him that he did not have such a right.

According to the Petition, Petitioner has never presented these issues to the state courts. Moreover, he may still pursue a delayed appeal under Ohio Appellate Rule 5(A).[1]

---

[1] Ohio Appellate Rule 5(A) provides:

> Motion by Defendant for Delayed Appeal.
>
> (1) After the expiration of the thirty day period provided by App. R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:
>
> (a) Criminal proceedings;
>
> (b) Delinquency proceedings; and
>
> (c) Serious youthful offender proceedings.
>
> (2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and shall file a copy of the notice of the appeal in the court of appeals. The movant also shall furnish an additional copy of the notice of appeal and a copy of the motion for leave to appeal to the clerk of the court of appeals who shall serve the notice of appeal and the motions upon the prosecuting attorney.

## II. EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. 28 U.S.C. § 2254(b)(1); *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (noting that "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts"). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *Boerckel*, 526 U.S. 838; *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The habeas petitioner bears the burden of demonstrating exhaustion of the available state court remedies with respect to the claims presented for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

Because Petitioner may still pursue the filing of a motion for a delayed appeal under the provision of Ohio Appellate Rule 5(A), this action remains unexhausted and is subject to dismissal on that basis. *See Ortiz v. Wolfe*, 466 F. App'x 465, 466-67 (6th Cir. 2012).

## III. RECOMMENDED DISPOSITION

Therefore, the Undersigned **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted**.**

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED**.


Date: October 30, 2018             /s/Kimbery A. Jolson
                                   KIMBERLY A. JOLSON
                                   UNITED STATES MAGISTRATE JUDGE