IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LARRY CATHCART JR.,

    Petitioner,

    v.

WARDEN, LONDON CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:18-CV-01305
JUDGE MICHAEL H. WATSON
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition, as it has been re-filed (*see* Docs. 2, 6), Respondent's Response, Petitioner's Traverse, Respondent's Reply, and the exhibits of the parties. For the reasons that follow, the Undersigned **RECOMMENDS** that the Petition be **DENIED** and this action be **DISMISSED** as time-barred.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner challenges his February 16, 2011, convictions pursuant to his guilty plea in the Franklin County Court of Common Pleas on aggravated robbery, kidnapping, and aggravated burglary. The trial court sentenced him to a term of 33 years imprisonment. Judgment Entry (Doc. 8, PAGEID #: 112). Petitioner did not file a timely appeal. More than six years and four months later, on July 12, 2017, he filed a Notice of Appeal and a Motion for Leave to File Delayed Appeal. (PAGEID #: 115, 118). On August 22, 2017, the appellate court denied that motion. (PAGEID #: 150). On December 20, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (PAGEID #: 167). On October 24, 2018, Petitioner filed his initial Petition for a writ of

habeas corpus in this case.[1] (Doc. 1.) In the re-filed Petition, Petitioner asserts that he was denied due process because the trial court failed to advise him properly of his appellate rights (claim one); and that he was denied the effective assistance of counsel because his attorney told him he had no right to appeal and failed to correct the trial court's improper recitation of his right to appeal (claim two). It is the position of the Respondent that this action should be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)'s one-year statute of limitations.

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.*

---

[1] He indicates that he executed it on October 18, 2018, and submitted it with prison officials for mailing on the following day. (Doc. 1-1, PAGEID # 28.)

## III. APPLICATION

Applying the language of § 2244(d)(1)(A), Petitioner's conviction became final in March 2011, thirty days after the Judgment Entry of sentence, when the time period expired to file a timely appeal. *See Watkins v. Dayton Corr. Inst.*, No. 2:16-cv-501, 2016 WL 3855206, at *2 (S.D. Ohio July 15, 2016) (citing *Worthy v. Warden*, No. 2:12-cv-652, 2013 WL 4458798, at *2 (S.D. Ohio Aug. 19, 2013)(citing *Searcy v. Carter*, 246 F.3d 515, 518–19 (6th Cir. 2001); *Marcum v. Lazarof*, 301 F.3d 480, 481 (6th Cir. 2002); Ohio App.R. 4(A). The statute of limitations expired one year later, in March 2012. Petitioner waited more than six years and seven months, until October 2018, to file this action. His motion for a delayed appeal, dated July 12, 2017, did not affect the running of the statute of limitations under the provision of § 2244(d)(2) because he filed it long after the one-year statute of limitations had already expired. "The tolling provision does not ... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003) (citing *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Additionally, Petitioner does not allege, and the record does not reflect, any extraordinary circumstances that would justify equitable tolling of the statute of limitations, particularly for the time period at issue here. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that to obtain equitable tolling of the statute of limitations, a litigant must establish that he has been diligently pursuing relief and that some extraordinary circumstance stood in his way of timely filing) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner claims that the trial court did not properly advise him of his right to appeal and that his attorney told him he did not have the right to appeal. Where a defendant is not advised of his right to appeal, the statute of limitations may not begin to run on a claim that the state appellate

court improperly denied a motion for delayed appeal until the date on which the state appellate court denies the motion for delayed appeal. *DiCenzi v. Rose*, 452 F.3d 465, 469 (6th Cir. 2006). Moreover, claims that relate to events that occurred at the time of sentencing may be timely under 28 U.S.C. § 2244(d)(1)(D) if the petitioner acted in a reasonably diligent manner in learning about his right to appeal:

> The proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered [his right to an appeal]. After that date, petitioner was entitled to further delay (whether in actually making the discovery, or in acting on a previously made discovery, or for any other reason whatsoever), so long as he filed his petition within one year of the date in which the discovery would have been made in the exercise of due diligence.
>
> *Wims,* 225 F.3d [186,]190 [ (2d Cir. 2000)] . . . .
>
> [T]he date on which the limitations clock began to tick is a fact-specific issue the resolution of which depends, among other things, on the details of [a defendant's] post-sentence conversation with his lawyer and on the conditions of his confinement in the period after [sentencing].
>
> *Wims,* 225 F.3d at 190–91 (citing *Easterwood v. Champion*, 213 F.3d 1321, 1323 (10th Cir. 2000) (taking into account "the realities of the prison system" in determining due diligence)).

*Id.* at 470–71.

The "petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." *Id*. at 471 (citing *Lott v. Coyle*, 261 F.3d 594, 605–06 (6th Cir. 2001)). The Court construes *DiCenzi v. Rose* in conjunction with *Johnson v. United States*, 544 U.S. 295 (2005), which requires consideration of the petitioner's exercise of due diligence. *See Shorter v. Richard*, 659 F. App'x 227, 230 (6th Cir. 2016) ("By its terms, section 2244(d)(1)(D) 'requires diligence.'") (citing *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013)). "The Supreme Court has cautioned against reading this requirement 'out of the statute.'" *Id*. (citing

4

*Johnson*, 544 U.S. at 310). Thus, a petition will not be deemed timely where a petitioner fails to act with reasonable diligence. *See Hysell v. Warden*, No. 2:16-cv-00139, 2016 WL 6165986, at *3 (S.D. Ohio Oct. 24, 2016) (citations omitted).

"Applying *DiCenzi* and *Johnson*, Petitioner must demonstrate either that he exercised due diligence in discovering the lack of notice of his right to appeal, the fact on which his conviction-based claims are predicated, or that he filed for habeas within one-year from the time a person exercising due diligence in Petitioner's position would have discovered that fact." *McIntosh v. Hudson,* 632 F. Supp. 2d 725, 734 (N.D. Ohio July 10, 2009) ("A person in Petitioner's position exercising due diligence would have acted much sooner, seeking out his rights and remedies rather than waiting [more than two and one half years after his conviction] for a law clerk . . . to '[notice] that [he] was never informed of his right to appeal[.]'"); *see also Yavari v. Wolfe*, No. 2:07-cv-480, 2008 WL 2078061, at *7 (S.D. Ohio May 13, 2008) (holding that Petitioner failed to establish that he acted diligently in learning about his right to appeal by waiting two years to file a motion for a delayed appeal). Lack of actual notice and "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing." *Fisher v. Johnson*, 174 F.3d 710, 714–15 (5th Cir. 1999).

As discussed, Petitioner waited more than six years before filing his motion for a delayed appeal in the state appellate court. Petitioner states that this is because the trial court misled him by telling him that he did not have "an absolute right to appeal," leaving Petitioner uncertain as to whether he would be eligible for court appointed counsel for the filing of an appeal. (*Traverse*, Doc. 12, PAGEID #: 229.) However, the record indicates that Petitioner had notice regarding his potential appellate rights and that he might qualify for court-appointed appellate counsel. Further,

5

the state appellate court made the following factual findings in dismissing Petitioner's motion for a delayed appeal:

> Here, defendant filed his motion for delayed appeal on July 13, 2017, over six years after the journalization of the judgment entry of February 16, 2011. Defendant asserts he did not timely perfect his appeal from his conviction and sentence because he claims he was misinformed of his appellate rights by the trial court at sentencing. Defendant has attached an unverified and incomplete transcript of the sentencing hearing to establish the words of the trial court as follows:
>
>> I've considered all the principles of sentencing. I do want to advise you, even though – and this is not a case where you got the maximum. I do want to advise you that while I don't think you have an absolute right to appeal, I do want to advise you that you would have the right to file an appeal. Anybody can file an appeal within 30 days of the entry of this Court's sentencing entry.
>>
>> If you can't afford to pay for a transcript of the sentencing hearing, one would be provided for you at no cost. If you're unable to pay for an appeal, you're entitled to have a notice of appeal filed without payment of the filing fee. If you can't afford counsel on appeal, the Court might appoint counsel for you.
>
> (Motion for Leave to File Delayed Appeal, Ex. 2.)
>
> The record belies defendant's claim he was not advised of his right to appeal. The trial court's statement at sentencing verbally advised defendant "I do want to advise you that you would have the right to file an appeal. Anybody can file an appeal within 30 days of the entry of this Court's sentencing entry.". . . . Additionally, the record shows defendant was advised of his right to appeal via the guilty plea form itself which states:
>
>> I understand that I can appeal as a matter of right from my plea and sentence within thirty days of the filing of my judgment of conviction.
>
> (Entry of Guilty Plea at 2.)
>
> Finally, defendant fails to explain when in the last six years he learned of his right to appeal and what steps he took immediately on learning of such right.

(Doc. 8, PAGEID #: 151-52). These factual findings are presumed to be correct. 28 U.S.C. § 2254(e).

Petitioner responds that the appellate court's factual findings are unreasonable in light of the evidence that was presented for two reasons: (1) The trial court did not properly advise him about his appellate rights, and (2) he submitted an Affidavit in support of his motion for a delayed appeal indicating that he thought that he would "never be appointed counsel." (*Traverse*, Doc. 12, PAGEID #: 230). He additionally stated:

> I stay to myself a lot. I went to the library to get a book and saw a friend of mine from the outside and he was in the law library. I spoke to him and he informed me that I had a right to appeal. I also had a right to appointed counsel. I was also informed that only a Notice of Appeal needs to be filed in 30 days. I looked up Notice of Appeal and Appeal in the Blacks law dictionary and it was clear that an appeal is far more involved than a notice of Appeal.

(*Affidavit of Larry Cathcart, Jr*. Doc. 8, PAGEID #: 131–32).

This argument is not persuasive. As noted by the state appellate court, Petitioner does not indicate that he took any action to learn about his right to appeal or indicate the date on which he learned about his right to appeal. Moreover, the record does not indicate that his conditions of confinement would have prevented him from earlier visiting the prison's law library and learning about the right to appeal. Petitioner has not advanced any reason that he could not earlier have learned about such right. *See Baker v. Wilson*, No. 5:06-cv-1547, 2009 WL 313325, at *12 (N.D. Ohio Feb. 6, 2009) (declining to find that the petitioner acted diligently under such circumstances) (citing *McIntosh v. Hudson*, No. 1:07cv2583, 2008 WL 4758695, at *9 (N.D. Ohio Oct. 28, 2008) (holding that petitioner did not act diligently where he pursued his appellate right only after a law clerk approached him and informed him of the trial court's error in failing to advise him of his right to appeal); *see also Baker v. Wilson*, No. 5:06 CV 1547, 2009 WL 313325, at *1–2 (N.D. Ohio Feb. 6, 2009) (the petitioner failed to act diligently in waiting three years to learn about his right to appeal) (citing *Ramos v. Wilson*, No. 1:06CV901, 2008 WL 2556725 (N.D. Ohio 2008); *Ward v. Timmerman-Cooper*, No. 2:07-cv-41, 2008 WL 214411, at *5 (S.D. Ohio Jan. 23, 2008)

7

(no due diligence where the petitioner "apparently made no effort to learn about his right to appeal for more than seven years from the date of his sentencing[.]") "Due diligence requires the petitioner to pursue his rights[.]" *Steward v. Moore*, 555 F. Supp. 2d 858, 869 (N.D. Ohio 2008) (no due diligence where the petitioner "had free access to law libraries, the public defender's office, and the court for over six years prior to the date he says he discovered his ability to challenge the conviction").

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker*, 197 F. 3d at 218. On this record, Petitioner simply has failed to meet his burden of demonstrating due diligence. *See Shorter v. Richard*, 659 F. App'x at 232 (citing *Johnson*, 544 U.S. at 310–11).

### III. RECOMMENDED DISPOSITION

For the foregoing reasons, the Undersigned **RECOMMENDS** that the Petition be **DENIED** and this action be **DISMISSED** as time-barred.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date: April 12, 2019　　　　　　　　　　　　　　/s/ Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE