# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Larry Cathcart, Jr.,

    Petitioner,

v.

Warden, London Correctional Institution,

    Respondent.

Case No. 2:18-cv-1305

Judge Michael H. Watson

Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On April 12, 2019, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). ECF No. 14. Petitioner has filed an Objection to the R&R. ECF No. 17. Petitioner again argues that this action is timely, because neither the trial court nor his attorney advised him of his right to appeal.

As detailed in the R&R, the record does not support these allegations. The trial court advised Petitioner that he had a right to appeal within 30 days. *See* ECF No. 8. Further, Petitioner waited more than six years after the entry of his guilty plea to file a motion for a delayed appeal. Thus, the record does not indicate that he acted diligently in pursuing relief or that equitable tolling of the statute of limitations would be appropriate.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons detailed in the R&R, Petitioner's Objection, ECF No. 17, is **OVERRULED**. The R&R, ECF No.14, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court now considers whether to issue a certificate of appealability. See 28 U.S.C. § 2255(d). When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

This Court is not persuaded that reasonable jurists would debate this Court's dismissal of Petitioner's claim as waived. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith and that an application to proceed in forma pauperis on appeal should be **DENIED**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**